## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**DOUGLAS DAY,**

       **Plaintiff,**

                        **Case No. 1:22-cv-590**

      **v.**                     **JUDGE DOUGLAS R. COLE**

**GOLDEN RULE INSURANCE**
**COMPANY, et al.,**

       **Defendant.**

## OPINION AND ORDER

Day sued Golden Rule Insurance Company and UnitedHealthcare of Ohio, Inc., two insurance companies, for breach of contract, because they did not cover a surgery to correct his spinal issues. The insurers moved for judgment on the pleadings, asking the Court to dismiss two of four counts against Golden Rule and all counts against United. For the reasons below, the Court **GRANTS** the insurers' Motion for Judgment on the Pleadings (Doc. 6).

## BACKGROUND[1]

Day bought health insurance from Golden Rule, allegedly a subsidiary of United[2]—and renewed that policy multiple times. (Compl., Doc. 4, #28–29). When he

---

[1] In a motion for judgment on the pleadings (like this one), the Court accepts the well-pled factual allegations in the Complaint as true. *See Bullington v. Bedford County*, 905 F.3d 467, 469 (6th Cir. 2018). So in reporting the background here, the Court largely relies on the allegations in the Complaint but with the caveat that they are just that—allegations. Another clarification: constantly adding "according to Day" or "allegedly" or "apparently" makes for poor reading, so the Court omits such phrases. But the reader should keep that caveat in mind.

[2] Here's one of many places where there's a factual dispute. The insurers say United *does not* own Golden Rule. That's probably right—it looks like Day is confusing United Healthcare of

originally bought the policy, he had no preexisting conditions. (*Id.* at #29). Several policies later, he had problems with his gait, dexterity, and strength. (*Id.*). It was his spine. (*Id.*). He required surgery, but Golden Rule refused to cover it, calling the problem a preexisting condition. (*Id.* at #29–30). As a result, he could not pay for his follow-up surgery and suffers from pain and loss of mobility. (*Id.* at #30).

So Day sued Golden Rule and United for damages in Clermont County Court of Common Pleas. (Doc. 4). He asserted four counts against each defendant—bad faith, breach of contract, unjust enrichment, and promissory estoppel. (*See generally* Doc. 4).

The insurers removed to federal court citing diversity jurisdiction—Day is an Ohio resident and Golden Rule is an Indiana corporation. The insurers concede that United is an Ohio corporation but assert it was fraudulently joined to destroy complete diversity. (Notice of Removal, Doc. 1, #2–3). Day did not seek remand.

After answering the Complaint, the insurers moved for judgment on the pleadings, asking the Court to dismiss two of the four counts against Golden Rule and all counts against United. (Doc. 6). The time for Day to respond came and went, so the Court ordered him to show cause why it should not treat the motion as unopposed and grant it. (5/12/23 Not. Order). Day responded, explaining that his counsel (1) had not been receiving email updates from PACER (because that counsel had not updated his email address in the Court's system), (2) had been having trouble

---

Ohio, Inc. (an Ohio insurer and the entity named here) for UnitedHealth Group, Inc. (a Minnesota-based multinational corporation that seems to be the parent of both Golden Rule *and* United, but which is not sued in this action). But it's the pleadings stage, so we're sticking with Day's version of the story.

2

logging into PACER to check the docket, and (3) had COVID and so had to deal with a backlog of cases when he recovered. (Mot. for Extension, Doc. 7, #66).

The Court allowed Day to respond to the insurers' Motion, reserving the right to rule based on the untimeliness of the response. (6/6/23 Not. Order). Day responded. (Doc. 8). The insurers replied. (Doc. 9). The matter is now ripe for review.

## LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed like a motion to dismiss under Rule 12(b)(6). *See Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). The Court construes Day's Complaint in the light most favorable to him, accepts his allegations as true, and draws all reasonable inferences in his favor. *See*, 905 F.3d at 469. But he must offer more than mere "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There must be "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

This means a complaint must contain "either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). In sum, an action will be dismissed under this standard where "there is no law to support the claims made."

3

*Stew Farm, Ltd. v. Nat. Res. Conservation Serv.*, 967 F. Supp. 2d 1164, 1169 (S.D. Ohio 2013), *aff'd*, 767 F.3d 554 (6th Cir. 2014) (citation omitted). The same holds where "the facts alleged are insufficient to state a claim." *Id.*

## LAW AND ANALYSIS

The Court's ostensible task is to resolve the motion for judgment on the pleadings. But the Court must first address a preliminary matter—its own jurisdiction. If United is properly joined to this action, the Court has none. But United wasn't, and that fraudulent joinder has two consequences. First, the lack of a colorable claim against United means it should be dismissed as a party. Second, the Court has jurisdiction to proceed to the insurers' arguments that the Motion should be granted due to Day's untimely response. The Court declines to rely on the lack of timeliness, however, because the merits favor the insurers anyway. So based on the merits, the Court dismisses the two claims on which Golden Rule seeks judgment, leaving the remaining two claims to proceed.

### A. United.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). That jurisdiction extends, though, to diversity actions—state law cases that federal courts can still hear "when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989). What follows, of course, is that a federal court "lacks subject matter jurisdiction in a diversity action where the parties are not completely diverse." *Saginaw Hous.*

4

*Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citation omitted). Here, the insurers removed this case from the Clermont County, Ohio, Court of Common Pleas to this Court on diversity grounds. (Doc. 1).

On the surface, that removal appears problematic—both Day (the plaintiff) and United Healthcare of Ohio (one of the two defendants) are citizens of Ohio. But the insurers rely on an important and well-settled qualifier on the complete diversity requirement: "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted). (*See* Doc. 1, #3) ("UnitedHealthcare of Ohio, Inc. … is fraudulently joined, such that its citizenship may be disregarded for purposes the exercise of the Court's diversity jurisdiction.").

While the exception is well-settled, it is also narrow. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493 (citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). "[I]f there is [even] a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Id.* Moreover, "[t]he district court must resolve 'all disputed questions of fact and ambiguities in the controlling … state law in favor of the non removing party.'" *Id.* (quoting *Alexander*, 13 F.3d at 949). "All doubts as to the propriety of removal are resolved in favor of remand." *Id.* (citing *Alexander*, 13 F.3d at 949).

"When deciding … fraudulent joinder allegations, we apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (citation omitted). "Although the fraudulent joinder and Rule 12(b)(6) standards appear similar, the scope of the inquiry is different. For Rule 12(b)(6) motions, a district court may only consider the allegations in the complaint and any attachments. For fraudulent joinder, the district court may pierce the pleadings and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Walker*, 443 F. App'x at 953 (cleaned up) (quoting *Travis v. Irby,* 326 F.3d 644, 648–49 (5th Cir. 2003)).

Applying that framework here, none of the four claims asserted against United in the Complaint provide a colorable basis for recovery under Ohio law. Nor do the allegations support any other colorable basis for recovery that the Court can see. So United was fraudulently joined and must be dismissed and also ignored for purposes of the complete diversity requirement.

### 1.     Breach of Contract and Bad Faith.

"Ohio has no remedy for and does not recognize an action in contract absent privity." *Mahalsky v. Salem Tool Co.*, 461 F.2d 581, 584 (6th Cir. 1972). And Ohio courts "have consistently rejected bad faith claims where the parties are not in privity with each other." *The William Powell Co. v. Nat'l Indem. Co.*, 141 F. Supp. 3d 773,

782 (S.D. Ohio 2015) (citing *Gillette v. Estate of Gillette*, 837 N.E.2d 1283, 1286–87 (Ohio Ct. App. 2005) (collecting cases)).

Here, Day does not allege that he and United were ever in privity of contract. In fact, the insurance agreement he attaches to his Complaint specifies that the relevant parties are Day and Golden Rule, not United.[3] (Doc. 4, #34). True, he seems to suggest that the two are alter egos, perhaps suggesting that he can pierce through Golden Day to claim indirect privity with United. But the Court addresses piercing below, and finds it likewise does not work on the facts here. So Day has no colorable breach of contract or bad faith claims against United.

### 2.    Unjust Enrichment.

To state a claim of unjust enrichment under Ohio law, a plaintiff must allege facts which make these elements plausible:

1. a benefit conferred by a plaintiff upon a defendant;
2. knowledge by the defendant of the benefit; and
3. retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.

*See Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984) (cleaned up) (using these elements to evaluate whether complaint fails to state a claim of unjust enrichment).

---

[3] The agreement says, "In this certificate, 'you,' or 'your' will refer to the primary insured named below, and 'we,' 'our' or 'us' will refer to Golden Rule Insurance Company, a stock company." True, Golden Rule is listed as "A UnitedHealthcare Company." This is not enough to allege privity between *UnitedHealthcare of Ohio, Inc.*, and Day. *See, e.g.*, *Slone v. Allstate Vehicle & Property Ins. Co.*, No. 2:20-cv-5342, 2021 WL 1842217, at *2-3 (S.D. Ohio Apr. 13, 2021). The plain text of the agreement lists Golden Rule and Day as the only parties.

Neither Day's Complaint nor any other facts in the record support a colorable claim of unjust enrichment against United. Start with the first element. Day says he "conferred a benefit upon the Defendants by purchasing a contract of insurance from them and making the required payments." (Doc. 4, #32). But, as explained above, he alleges no facts which make plausible that he purchased insurance from Golden Rule *and* United. Instead, the insurance agreement *he attached* to his Complaint explicitly defines the seller of insurance as Golden Rule alone. (*See id.* at #34).

For the second two elements, he offers rote recitations of legal elements, rather than facts making those elements plausible. (*See id.* at #32). And even under the "more lenient" standard that applies to the test for colorable claims, *see Casias*, 695 F.3d at 433, he needs facts, not bare legal conclusions. But nowhere in the Complaint does he allege facts which make plausible that United knew of the agreement between Day and Golden Rule or kept (or even received) any benefit from that transaction unjustly. So Day has no colorable unjust enrichment claim against United.

### 3. Promissory Estoppel.

To state a claim of promissory estoppel under Ohio law, a plaintiff must allege facts which make these elements plausible:

1. a clear, unambiguous promise;
2. reliance upon the promise by a person to whom the promise is made;
3. the reliance is reasonable and foreseeable; and
4. the person claiming reliance is injured as a result of the reliance on the promise.

*See Stewart v. Everyware Glob., Inc.*, 68 F. Supp. 3d 759, 766 (S.D. Ohio 2014) (cleaned up) (using these elements to evaluate whether complaint fails to state a

claim of promissory estoppel) (citing *Weiper v. W.A. Hill & Assoc.*, 661 N.E.2d 796, 803 (Ohio Ct. App. 1995)).

Again, neither Day's Complaint, nor any other facts the parties have offered, support a colorable claim of promissory estoppel against United. Take the first element. Day says the insurers "made a clear and unambiguous promise to Day that in exchange for his payment of the required premium for health insurance, they would provide insurance for medical care." (Doc. 4, #33). Where is that promise contained? According to Day, it's in the insurance agreement. But at the risk of beating a dead horse, that agreement specifies two parties—Day and Golden Rule. He offers no allegations making it plausible that *United* made him a promise.

Same for the other elements too. He cannot satisfy any of the other elements if he cannot plausibly allege that United made him a promise.[4] And he seems to know as much, because while his Complaint contains *arguments* about these elements, he offers no *allegations* making them plausible.[5] With no substantive factual content supporting the elements of his claim, he fails even a "lenient" application of the *Twombly* and *Iqbal* requirements. So Day has no colorable claim of promissory estoppel against United.

---

[4] Without alleging that United made him a promise, how could Day say he relied on it? How could he reasonably rely on an unalleged promise? And how could he be injured by an unalleged promise?

[5] A selection of examples: "Day's reliance was both reasonable and foreseeable, as that is the reason he obtained health insurance from the Defendants"; "As a result of the Defendants actions, or lack thereof, Day has suffered injuries as outlined above"; "These injuries suffered by Day were the direct and proximate result of his reliance on the Defendants' promise of providing health care coverage to him in exchange for his payment of the monthly premium when due." These are all recitations of legal elements combined with argument. Day offers no real factual allegations making the elements plausible.

**4.    Veil-piercing.**

Finally, although not addressed in Day's Complaint, while briefing the insurer's motion, the parties wrestled over whether Day might be able to support a colorable veil-piercing theory against United. (Doc. 8, #70; Doc. 9, #77–80). If he could, that would perhaps help each of the claims above, as United would then potentially be liable for Golden Rule's conduct. The problem is, he can't.

Under Ohio law, parent corporations may be liable for wrongs their subsidiaries commit only when:

1.   the parent's control over the subsidiary was so complete that the corporation has no separate mind, will, or existence of its own;

2.   the parent exercised control over the subsidiary in such a manner as to commit fraud, an illegal act, or a similarly unlawful act; and

3.   injury or unjust loss resulted to the plaintiff from such control and wrong.

*Chalmers v. HCR ManorCare, Inc.*, 93 N.E.3d 1237, 1251 (Ohio Ct. App. 2017) (Mayle, J., concurring) (citing *Dombroski v. WellPoint, Inc.*, 895 N.E.2d 538, 543 (Ohio 2008) (using these elements to determine when and how to pierce the corporate veil at the motion-to-dismiss stage).

Day has not pled a colorable veil-piercing theory against United under that framework. He alleges no facts suggesting that United controls Golden Rule *so completely* that it has "no separate mind, will, or existence of its own." *Chalmers*, 93 N.E.3d at 1251. All he says about their relationship is that United "owns and operates Golden Rule for purposes of writing certain health insurance policies to Ohio citizens." (Doc. 4, #28). Even assuming that is true (the two may instead be sibling companies both owned directly or indirectly by United Healthcare Inc.), that is a far

cry from alleging facts showing Golden Rule has no separate existence. Nor does he allege any facts suggesting that he could meet the other two *Dombroski* elements either.[6]

Beyond that, Day raises no other prospective claims that he thinks are "colorable." And while it is not the Court's job to identify such claims,[7] none occur to the Court either. Because Day has no colorable claims against United, the Court concludes he fraudulently joined the entity to destroy diversity. The results of that are twofold. First, the Court ignores United's citizenship for diversity purposes, meaning the Court will keep jurisdiction over this matter. Second, because Day has identified no colorable claims against United, the Court **DISMISSES** all claims against that defendant.

## B.    Timeliness.

The Court turns next to Day's argument that the Court should overlook his failure to timely respond to the Motion. "[P]arties have an affirmative duty to monitor the dockets." *Yeschick v. Mineta*, 675 F.3d 622, 629–30 (6th Cir. 2012) (citations omitted). This affirmative duty exists "regardless of whether email notifications are received." *Henken v. IW Tr. Funds*, 568 F. Supp. 3d 870, 876 (S.D. Ohio 2021). But

---

[6] Without alleging control, how can Day allege that United controlled Golden Rule in committing an illegal act? How could such unalleged control cause Day losses?

[7] In practice, district courts seem to analyze fraudulent joinder largely based on the claims the plaintiff actually brings, rather than any claims the court might dream up. *See, e.g., Hall v. OrthoMidwest, Inc.*, 541 F. Supp. 3d 802 (N.D. Ohio 2021); *Makoski v. Zimmer Holdings, Inc.*, 538 F. Supp. 3d 757 (N.D. Ohio 2021); *Wright v. State Farm Mut. Auto. Ins. Co.*, 443 F. Supp. 3d 789 (W.D. Ky. 2020); *Garner v. SDH Servs. E., LLC*, 55 F. Supp. 3d 1016 (M.D. Tenn. 2014); *Christensen v. ATS, Inc.*, 24 F. Supp. 3d 610 (E.D. Ky. 2014).

while the Court can dismiss cases for unreasonable delay, its general preference is to decide cases on the merits. *Cf. Cassidy v. Adams Cnty. Jail/Sheriff*, No. 1:21-cv-687, 2022 WL 9166166, at *2 (S.D. Ohio Oct. 13, 2022).

Here, Day's delayed response does not prejudice the insurers, because an analysis of the merits of the motion favors the insurers. So the Court will not act on the untimeliness of Day's response.[8]

## C. Golden Rule.

That leaves Golden Rule's request that the Court dismiss the two quasi-contract claims Day asserts against it. "[I]t is well-established in Ohio that where a contract exists, the parties to the contract may not seek damages under quasi-contractual theories of recovery." *Davis & Tatera, Inc. v. Gray-Syracuse, Inc.*, 796 F. Supp. 1078, 1085 (S.D. Ohio 1992); *see also Cook v. Ohio Nat'l Life Ins.*, 961 F.3d 850, 858 (6th Cir. 2020).[9] This, of course, includes unjust enrichment claims, *see Wuliger v. Manufacturers Life Ins.*, 567 F.3d 787, 799 (6th Cir. 2009), and promissory estoppel claims, *see O'Neill v. Kemper Ins. Companies*, 497 F.3d 578, 583 (6th Cir. 2007).

Day brings several claims against Golden Rule—bad faith, breach of contract, unjust enrichment, and promissory estoppel. (Doc. 4, #32–33). As just noted, though, the latter two are quasi-contractual claims that a party to an existing contract cannot

---

[8] Note that the Court draws no conclusion about whether, if his untimeliness *had* prejudiced the insurers, Day's explanations would be sufficient to excuse his delay.

[9] "Though some commentators describe 'quasi-contract' and 'unjust enrichment' as two completely separate doctrines, *see* 66 Am. Jur. 2d *Restitution and Implied Contracts* §§ 37, 40 (2001), Ohio courts use the phrase 'unjust enrichment' to describe the third requirement for 'quasi-contract.'" *Reisenfeld & Co. v. Network Grp., Inc.*, 277 F.3d 856, 863 (6th Cir. 2002) (citing *Hambleton v. R. G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984)).

bring against the other party. But Day himself alleges the existence of a contract (an insurance policy) between Golden Rule and himself. (*Id.* at #29). Therefore, these claims fail as a matter of law. Indeed, Day admits as much:

> Plaintiff will cede to defendants' argument regarding the quasi contractual claims listed as they relate to Golden [Rule], but the other two claims of bad faith and breach of contract should continue against Golden [Rule] regardless.

(Doc. 8, #71). So the Court **GRANTS** the portion of the Motion concerning Golden Rule. The Court thus **DISMISSES** the unjust enrichment and promissory estoppel claims against Golden Rule **WITH PREJUDICE**. The other two claims against Golden Rule may proceed.

## CONCLUSION

For the above reasons, the Court **GRANTS** the insurers' Motion for Judgment on the Pleadings (Doc. 6). The Court **DISMISSES** all the claims against United and **DISMISSES WITH PREJUDICE** the third and fourth causes of action against Golden Rule. The Court **DIRECTS** the Clerk to **TERMINATE** United from the docket. The case may proceed on the first two causes of action against Golden Rule.

**SO ORDERED.**

August 14, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**